In the Matter of the Estate of WILLIAM BRAZIL, Deceased.

Surrogate's Court, New York County, May 4, 1926.

Wills — construction — will bequeathed to named legatee " moneys which remain at the time of my decease " in savings bank — testator had opened accounts in bank in trust for niece and cousin — provision in will constituted disaffirmance of trusts — money in bank should be paid to legatee named in will — Surrogate's Court has jurisdiction to determine title to account.

A clause in testator's will by which he bequeathed to a named legatee " the moneys which remain at the time of my decease in the Bowery Savings Bank " should be construed as constituting a disaffirmance of two trusts created for testator's niece and cousin set up upon the opening of two accounts in the Bowery Savings Bank, the first in trust for the niece and the second in trust for a cousin, since said trusts were tentative and revocable at any time during testator's lifetime by a direct disaffirmance thereof or by some decisive act or declaration such as contained in the aforesaid clause of testator's will. Therefore, the moneys on deposit in the Bowery Savings Bank to the credit of testator should be paid to the named legatee. The Surrogate's Court has jurisdiction to determine the ownership of funds in said bank.

PROCEEDING for the construction of a will.

*Olvany, Eisner & Donnelly* and *Irwin M. Berliner*, for the petitioner.

*Samuel F. Swinburne*, for the claimant.

*Peck & Hancock*, for St. Joseph's Home for the Aged.

*George C. Winne*, for the legatee.

*Knox & Deignan* [*Henry N. Steinert* of counsel], for the Bowery Savings Bank.

O'BRIEN, S.    This proceeding is brought for the construction of decedent's will and particularly paragraphs " fourth and eighth " thereof.    These paragraphs read as follows:

*Fourth.* " I give and bequeath to Mrs. Mary Abbott Hanley, 57 Laurel Avenue, Arlington, N. J., the moneys which remain at the time of my decease in the Bowery Savings Bank; also the right to use the unused portion of my burial plot at St. Raymond's cemetery."

*Eighth.* " All the rest, residue and remainder of my estate and property, both real and personal, of every description, wheresoever situated and in whatsoever the same doth consist at the time of my decease, I give, devise and bequeath to the St. Joseph's Home for the Aged, under the charge of the Sisters of Charity of St. Vincent de Paul, now at 209 West 15th Street, Borough of Manhattan, New York City."

Decedent died January 21, 1925.    On February 5, 1921, he executed the will, portions of which are quoted above.    This will was duly admitted to probate on February 10, 1925.    The provisions in question are clear and definite but a question of construction has arisen out of the following facts:    Decedent on July 10, 1910, opened two accounts in the Bowery Savings Bank, viz., the first in trust for Mary McDonald, his niece, and the second in trust for John A. Hanley, his cousin.    At the time of his death the balance to the credit of each of these accounts was $1,585.64.    It is contended on one hand that decedent created irrevocable trusts when he opened these accounts which except the drawing of interest remained intact down to his death.    On the other hand, it is urged that the trusts created by decedent were tentative and revocable at any time during testator's lifetime by a direct disaffirmance of the trusts or by some decisive act or declaration, and further that the provisions in said will constituted such a disaffirmance.    This latter contention is the correct view (*Matter of Totten*, 179 N. Y. 112), and I hold that the moneys on deposit in the Bowery Savings Bank to the credit of testator should be paid to Mary Abbott Hanley, the legatee named in paragraph " fourth " of testator's will. The objection raised by the Bowery Savings Bank that this court is without jurisdiction to determine the ownership of the funds in said bank is overruled.    Submit decree on notice accordingly.