In the Matter of the Estate of ELIZABETH BECK, Also Known as ELIZABETH CULBERTSON, Deceased, on an Application by ROSE LACHMUND, Executrix of the Said Estate, for a Determination as to the Validity, Construction or Effect of the Disposition of the Property Contained in the Last Will and Testament of the Said Decedent.*

KATE KLUMPP, Appellant; ROSE LACHMUND, Respondent.

Second Department, November 25, 1940.

* Affg. 173 Misc. 733.

*Vincent Bauso,* for the appellant.

*John E. Cameron,* for the respondent.

PER CURIAM. The question involved here is whether two so-called " Totten Trusts " were revoked by the last will and testament of the decedent.

Elizabeth Beck, also known as Elizabeth Culbertson, died August 21, 1939, leaving a last will and testament, which was duly admitted to probate. She left her surviving two sisters, the appellant and the respondent. Her entire estate, aside from jewelry of nominal value, consisted of two certain accounts in savings banks totaling about $4,700. These accounts were in her name, in trust for the appellant. By her will she gave the appellant only five dollars, stating as a reason that the appellant had incurred her ill-feeling by reason of her unfriendly actions. All the rest of her estate, after the payment of her debts, was bequeathed to the respondent. The learned surrogate decreed that the bank deposits belonged to the estate of the decedent and from such decree this appeal is taken.

It is conceded that the appellant never had possession of the bank books nor did she have any knowledge that the deposits were made in the name of the decedent, in trust for her. Under these facts and the other facts presented in this record, we find that the language used in the last will and testament of the decedent is such a decisive act and declaration of disaffirmance as to overcome the presumption that an absolute trust was created in favor of the appellant by the death of the depositor. (*Matter of Totten,* 179 N. Y. 112.)

The decree of the Surrogate's Court should be affirmed, with costs to the respondent, payable out of the estate.

Present — LAZANSKY, P. J., HAGARTY, JOHNSTON, ADEL and CLOSE, JJ.

Decree of the Queens County Surrogate's Court unanimously affirmed, with costs to respondent, payable out of the estate.