In the Matter of the Estate of WALTER W. REIS, Deceased.

Surrogate's Court, Westchester County, April 18, 1944.

*David R. J. Arnold* for Irving Trust Company, petitioner.

*Edward P. Barrett* for Carolyn W. Reis, surviving spouse.

*Albert H. Pike,* special guardian for Harry E. Reis, Jr., infant.

GRIFFITHS, S. Petitioner, as executor under the will of this decedent, seeks a determination as to the validity and effect

of a notice of election filed and recorded herein by the surviving widow under and pursuant to the provisions of section 18 of the Decedent Estate Law.

The decedent departed this life on the 26th day of November, 1942, survived by his widow, a brother, two sisters and five nephews and nieces. His will, probated herein on March 10, 1943, consists of an instrument dated November 30, 1928, and a codicil thereto dated May 15, 1936. The first clause of the will provides for the payment of lawful debts and gives the widow the sum of $10,000. The second clause creates a trust in the sum of $30,000 with the income thereof payable to the widow for life and remainder over to three brothers and four sisters equally. The third clause establishes a trust in the sum of $20,000, the income from which is directed to be paid to two sisters during their joint lives and the remainder, upon the death of the survivor, to three brothers and two sisters equally. The residue of the estate is given to the three brothers equally. The American Exchange Irving Trust Company, predecessor of the petitioner, Irving Trust Company, is named and has duly qualified as sole executor.

The only change in the will provided for by the provisions of the codicil is a direction with respect to the disposition of the share of the testator in certain improved real property.

The petition presents for determination the following questions of law: (1) Whether by reason of the execution of the codicil the provisions of section 18 of the Decedent Estate Law are applicable; (2) If so, whether the principal of the trust fund established for the benefit of the widow, or the present value of her life estate therein, is to be employed in determining the amount of the aggregate provisions under the will for her benefit; and (3) The source of the fund necessary to make up her elective share, if such election has been validly exercised.

It is now well settled that the effect of the execution of a codicil is to republish the will and make it speak from the new date. (*Matter of Greenberg*, 261 N. Y. 474.) The codicil having been executed subsequent to August 31, 1930, it follows that the provisions of section 18 of the Decedent Estate Law are applicable to the will probated herein.

Since there were no surviving children of the testator, the widow's intestate share under the asserted right of election is limited to one half of the net estate as defined by paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law. The net estate is estimated to be $95,677.08. Where the aggregate of the provisions under the will for the surviving spouse

is less than the elective share, the surviving spouse has a limited right to elect to take an additional amount so that the sum total may equal the intestate share, which, under the facts in this case, would approximate $47,838. [Decedent Estate Law, § 18, subd. 1, par. (f).] In computing the value of the testamentary provisions for the benefit of the surviving spouse, paragraph (g) of subdivision 1 thereof provides that the "capital value of the fund or other property producing the income shall be taken and not the value of the life estate." Under the facts in this case, therefore, the capital value of the trust for the widow amounting to $30,000, and not the present value of her life estate, must be used in computing the aggregate of the provisions under the will for her benefit. Consequently, it is evident that, based upon such computations, the testamentary provisions for the widow are less than her intestate share and a right of election exists. By reason of the provisions of paragraph (f) of subdivision 1, however, such right is not absolute but a limited one to take only the difference between the aggregate of the provisions of the will, including the principal of the widow's trust, amounting in all to $40,000 and the amount of the elective share, which is estimated to be $47,838.

With respect to the sources from which the remaining portion of the elective share amounting, as indicated, to approximately $7,838 may be satisfied, it is urged that the remaindermen under the $30,000 trust for the benefit of the widow, should be included in prorating the required fund. It is further urged that if the remainders are vested, the said trust be accelerated. Since there is no express provision in the will relating to the source of payment of the elective share, and further, since the statute contains no governing provision, the court must necessarily apply ordinary rules of equity in finding the source. (*Matter of Devine,* 147 Misc. 273; *Matter of Byrnes,* 149 Misc. 449; *Matter of Curley,* 160 Misc. 844; *Matter of Goldsmith,* 175 Misc. 757.) Although it may be argued that all beneficiaries under the will, in the absence of any directions to the contrary, should make prorata contributions to the fund, there are both practical and legal objections to the inclusion of the remainder interest under the widow's trust in the execution of such contributions. The statute is clear that such a valid trust, irrespective of its amount, must be preserved and the capital value thereof appropriated to the *pro tanto* extinguishment of the intestate share. [Decedent Estate Law, § 18, subd. 1, par. (f).] Any present contribution made out of the corpus of the trust would be inconsistent with the statutory mandate, since it would

diminish the capital value thereof to the extent of such contribution. Moreover, to satisfy the elective share, the resultant reduction in the corpus of the trust would necessarily require that additional contributions be exacted again from all gifts, including the trust fund.

Furthermore, the assessment of remaindermen personally, under a valid trust, could be made only in those instances where the remainders are vested, and even in such instances the possible unfairness of basing cash assessments presently payable upon present values becomes apparent in our changing economic life. Moreover, the earmarking of a prorata portion of the trust corpus would not satisfy the statutory requirement that the surviving spouse receive her intestate share *now*. As stated by Surrogate DELEHANTY in *Matter of Goldsmith* (*supra,* p. 761), " The statutory appropriation of the whole of the widow's trust (including both life use and remainder interest) to the *pro tanto* extinguishment of the intestate share forbids any re-use of the same fund in any plan of payment of the balance." The remaindermen of the trust, thus exempt from contribution, necessarily benefit by the implied statutory immunity extended to the fund. For the reasons stated herein, I am constrained to hold that the interests of the remaindermen under the trust are immune from making any contribution to the intestate share of the widow. Such resulting immunity is directly attributable to the clear mandate of the statute that the whole of the widow's trust must be used in computing the amount of the benefits conferred upon her by the testamentary instrument. [Decedent Estate Law, § 18, subd. 1, par. (f) ; *Matter of Goldsmith, supra.*]

*Matter of Curley* (160 Misc. 844, *supra*) is not necessarily in conflict with this result. A study of the judicial history of *Matter of Curley* will show that the holding of Surrogate WINGATE (*Matter of Curley,* 151 Misc. 664) was reversed by the appellate courts (245 App. Div. 255, affd. 269 N. Y. 548) on the grounds that the trust established for the benefit of the surviving widow did not comply with the terms of section 111 of the Decedent Estate Law and section 21 of the Personal Property Law, and consequently was not the type of trust contemplated by section 18 of the Decedent Estate Law. Thereafter " to correct the doubt " (note of commission) created by this decision and upon the recommendation of the Executive Committee of the Surrogate's Association of the State of New York, the Legislature amended section 18 by adding thereto paragraph (h) of subdivision 1 in its present form. When the matter was again presented to Surrogate WINGATE in *Matter of Curley* (160 Misc. 844, *supra*),

he, following the appellate court holding that the widow had an absolute right of election and that the trust for the widow was not valid under section 18 of the Surrogate's Court Act as it then existed, applied a rule of complete equitable contribution including the remainder interests under the intended trust for the widow. Where, however, as in the case at bar, the trust for the surviving spouse is valid and only a limited right of election is afforded to her, it is clear that for the reasons hereinabove stated, no contribution can be exacted from the remaindermen under such trust.

All other beneficiaries under the will, including the trust in the sum of $20,000 established in paragraph " Third " of the will, and the specific devisees, will be required to contribute pro rata to the fund necessary to satisfy the widow's right of election as herein defined. Exact computation of the intestate share and the resulting deficiency that must be charged against such gifts will necessarily have to await the final accounting.

Settle decree.