In the Matter of the Accounting of Peoples National Bank and Trust Company of White Plains, as Executor of Elizabeth A. Bevan, Deceased.

Surrogate's Court, Westchester County, June 8, 1945.

*Robert P. Smith* for petitioner.

*Francis K. Remington* for Dorothy Thied and others, respondents.

*Howard B. Nichols* and *Lawrence W. Golde* for William E. Bevan, respondent.

*L. T. Fetzer* for Meylert A. McIntire and another, respondents.

GRIFFITHS, S.  In this executor's accounting proceeding, petitioner seeks a determination as to the amount properly payable to the surviving husband of the testatrix under a limited right of election duly asserted by him and filed and recorded herein, and as to the manner in which contributions shall be exacted to satisfy such elective share.

The decedent departed this life on the 17th day of June, 1943, survived by her husband, a sister and nephews and nieces. Her will is dated April 21, 1943, and was duly probated herein on September 2, 1943.  After providing for the payment of her debts, funeral expenses, and estate taxes, the testatrix directed that a mortgage in the principal sum of $5,700, upon the home of her sister, the respondent Laura M. McIntire, be satisfied.  This is followed by provisions for various specific legacies to her sister and other members of her family, and a legacy in the sum of $300 to a friend.  The testatrix left the residue of her property in trust for the benefit of her husband,

William E. Bevan, and her afore-mentioned sister during their joint lives, directing that the net income be divided equally between them. The will further provides that upon the death of either beneficiary the survivor is to receive the entire income. The remainder interest under the trust is directed to be paid to eight named persons with a provision that only those persons living at the death of the survivor of the life tenants are to share in the fund.

The husband's " intestate share ", under the asserted right of election, is limited by paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law to one half of the net estate as therein defined. Here such statutory net estate is estimated to be $38,846.35, and the various general and specific legacies aggregate $7,478.25. Assuming the correctness of these figures the net residuary estate will therefore amount to $31,368.10.

Where the aggregate of the provisions under the will for the benefit of the surviving spouse is less than the " intestate share ", as defined by statute, the surviving spouse has a limited right to take an additional amount against the will so that the sum total may equal such intestate share. (Decedent Estate Law, § 18, subd. 1, par. [f].) Under the facts in this case, the surviving husband's intestate share would approximate $19,423.17. In computing the value of the testamentary provisions for the benefit of the surviving spouse, paragraph (g) of subdivision 1 thereof provides that where the will creates a trust with income payable for life to the surviving spouse, the " capital value of the fund or other property producing the income shall be taken and not the value of the life estate." If, therefore, in this case, the surviving husband were the sole income beneficiary of the residuary trust, the capital value thereof amounting to approximately $31,368.10, and not the present value of his life estate, would be used in computing the aggregate of the testamentary provisions for his benefit. The situation presented in this case, however, is unusual in that the income of the residuary trust is payable equally to the sister as well as the husband of the testatrix, both of whom are living and are in their seventy-third year. Any possible question as to the compliance of such trust with the statutory provisions is removed by the language of the instrument in and by which the husband asserted his statutory rights. So far as pertinent said instrument reads as follows: " WHEREAS, I have a limited right of election pursuant to subdivision 1 (f) of Section 18 of the Decedent's Estate Law,

" Now, THEREFORE, I, WILLIAM BEVAN, the surviving husband of ELIZABETH ARMSTRONG BEVAN, deceased, do hereby exercise said limited right to elect to take the difference between such aggregate of the provisions made for me under said Will and one-half of the net estate of the decedent after the deduction of debts, funeral and administration expenses and any estate tax, and do hereby consent after such election is satisfied that the terms of the Will shall otherwise remain effective."

The specific reference to paragraph (f) of subdivision 1 of section 18 makes it clear that the surviving husband is satisfied to accept, as partial satisfaction of his elective share, his interest under the residuary trust. This position is also substantiated by the contentions of counsel for the surviving husband in their brief. In any event, since the sole beneficial interest of the husband under the will is as income beneficiary of the trust in question, the provisions of said paragraph (f) of subdivision 1 are the only ones that are applicable. In applying the statute and determining the validity of the testamentary dispositions for the benefit of the surviving spouse, the test is whether or not the will makes the prescribed minimum provision for such spouse. (*Matter of Jackson,* 176 Misc. 1020.) Furthermore, it is now well settled that the " equivalent substitute of the intestate share in the form of a trust should be none other than a trust for the benefit of the surviving spouse throughout life." (*Matter of Byrnes,* 260 N. Y. 465, 474.) As only one half of the income of this trust is payable to the surviving spouse during the life of the sister, it fails to comply with the statutory provisions and therefore the total capital value thereof may not be considered in computing the aggregate testamentary benefits for the husband. Even though the husband might, in fact, receive all the income on the entire trust following the death of the sister, such possible benefit may not be considered in computing the value of the provisions under the will in his favor. The will does, however, give him " throughout life " one half of the income thereof without any possible diminution or termination by the happening of any contingency. Inasmuch as the unqualified right to receive one half of the total income of a given sum is equivalent to the right to receive the entire income from one half of a like sum, it will be deemed, for present purposes, that the testatrix had directed a division of her residuary estate into two equal parts with the entire income from each payable to the respective beneficiaries. (*Matter of Sternberg,* N. Y. L. J., June 16, 1938, p. 2912, col. 3.) Such conclusion is in harmony with the

intent of the Legislature that so far as consistent with the exercise of the right of election " the will shall otherwise remain effective." (Decedent Estate Law, § 18, subd. 1, par. [f].) To hold that the trust in question does not comply with the statutory provisions would defeat the intended disposition of the remainder interest under such trust, a result which none of the interested parties has urged or even suggested.

It follows, therefore, that in accordance with the provisions of paragraph (g) of subdivision 1 of the statute and *Matter of Reis* (182 Misc. 754) one half of the capital value of the residuary trust in the amount to be fixed in the decree to be made hereon will be used in computing the value of the testamentary provisions for the benefit of the surviving husband. In addition to such interest as income beneficiary under the trust, the husband is, therefore, entitled to receive in cash an amount equal to the difference between a figure representing one half of the capital value of such residuary trust and a figure representing one half of the net estate as defined by statute.

The second question concerns the source from which such remaining portion of the elective share, as hereinabove defined, may be satisfied. Although the language of the will indicates that the testatrix was cognizant of the possibility that her husband would assert a right of election against the instrument, no direction relating to the source of payment of the elective share was made. As stated in *Matter of Reis* (*supra*), the statute contains no express governing provision. Under such circumstances the court must necessarily apply ordinary rules of equity in finding the source. (*Matter of Devine,* 147 Misc. 273; *Matter of Byrnes,* 149 Misc. 449; *Matter of Curley,* 160 Misc. 844; *Matter of Goldsmith,* 175 Misc. 757.) For the reasons set forth in *Matter of Reis* (*supra*), however, one half of the residuary trust, which for present purposes will be referred to as the husband's trust, cannot be included in the exaction of such contributions. All other legacies, however, including the corpus of the other half of the trust fund for the benefit of the sister, will be required to make prorata contributions to make up the fund to satisfy the elective share of the husband, as hereinabove defined. (*Matter of Wishart,* 149 Misc. 343; *Matter of Byrnes, supra; Matter of Fisher,* 159 Misc. 190; *Matter of Devine, supra.*)

As to the division of income between the surviving spouse and the sister during their joint lives, the husband's share thereof will be based upon one half of the undiminished capital

value of the residuary trust, as fixed in the decree to be made hereon. The sister's share will be based upon the capital value of the other half of the trust fund, less the prorata contributions exacted therefrom in accordance with this opinion.

Settle decree in accordance with this opinion.