In the Matter of the Accounting of BRUNO WEILER, as Executor of MAGDALENA LUDWIG, Deceased.

Surrogate's Court, Kings County, March 14, 1955.

*Herbert Bauersfeld* for executor, petitioner.

Moss, S. Incidental to his accounting the executor seeks a determination as to whether moneys paid to testatrix' nephews during her lifetime were intended as advancements chargeable upon the bequests provided for them under paragraph " Fourth " of her will and whether moneys on deposit in the Lincoln Savings Bank entitled, " Magdalena Ludwig in Trust for John L. Weiler " are part of the assets to be disposed of by petitioner upon this accounting.

By paragraph " Fourth " testatrix directed that all the stock she owned in various corporations be sold " and to devide [sic] the proceeds from the same on the proportions or percentages as follows: Two tenths (2/10) thereof to each of my nephews Joseph Lurker and Johan Lurker ".

Testatrix attached no condition to the payment of such bequests and in the absence of evidence or language in the will to the contrary the court may not imply that the money given to testatrix' nephews was intended as an advancement.

What constitutes an advancement is governed by statute (Decedent Estate Law, §§ 85, 88; *Messmann* v. *Egenberger,* 46 App. Div. 46). An advancement is a transfer of property from a person standing *in loco parentis* toward the one receiving it (*Bowron* v. *Kent,* 190 N. Y. 422). Nephews are not within such category nor is equitable distribution material in a case where the *inter vivos* transfer was made unconditionally (*Matter of Farmers' Loan & Trust Co.,* 181 App. Div. 642, 645, 649, affd. 225 N. Y. 666; *Matter of Bernhardi,* 151 Misc. 480; *Matter of Willis,* 158 Misc. 534; *Burnham* v. *Comfort,* 37 Hun 216, affd. 108 N. Y. 535; *Matter of Lutz,* 201 Misc. 539). Accordingly the court determines that Joseph Lurker and Johan Lurker are entitled to their full shares under paragraph " Fourth " of testatrix' will.

By paragraph " Fifth " of her will, testatrix bequeathed the proceeds of a Totten trust held by her in a savings account in the Lincoln Savings Bank in equal shares to Mildred Flynn and Theresa Weiler, since deceased. These bequests cannot be paid without invading such savings account. In the light of the language used by testatrix, it is clear that she intended to revoke said Totten trust (*Walsh* v. *Emigrant Industrial Sav. Bank,*

106 Misc. 628, 630, affd. 192 App. Div. 908, affd. 233 N. Y. 512; *Matter of Totten,* 179 N. Y. 112; *Matter of Schrier,* 145 Misc. 593; *Matter of Shelley,* 50 N. Y. S. 2d 570, 573). The proceeds of said savings bank account are, therefore, payable to the credit of testatrix' estate to be distributed in accordance with her will. Submit decree accordingly.