S. Samuel Di Falco, S.
Decedent died on October 21, 1954, survived by his widow, three nieces, one nephew and grandnieces and grandnephews. His will after providing certain general legacies approximating $16,200 gave $2,500 to his surviving spouse and established a trust of his residuary estate with one half of the income thereof to be paid to her. He directed that all estate taxes be paid from his residuary estate. Testator’s widow filed her notice of election on February 24, 1955. The question of the effect of that notice of election is now presented in this accounting of the executors.
The widow contends that her intestate share should be computed in accordance with paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law as amended by chapter 487 of the Laws of 1955, effective April 19, 1955. The special guardian for infant contingent income beneficiaries and remaindermen argues that the 1955 amendment is not applicable herein as the testator died and the widow exercised her right of election prior to its effective date.
The court determines that the amendment is not applicable to the estate of this decedent (Matter of Spencer, 145 N. Y. S. 2d 397, 400; Matter of Spingarn, 5 Misc 2d 36).
The rule stated in Matter of Wolf (307 N. Y. 280) is controlling. At page 287 thereof it was stated: “In a situation where taxes are not to he apportioned, the formula for determining a widow’s intestate share under section 18 (subd. 1, par. [a]) is to deduct the total of estate taxes from the net estate and then give the widow one half the balance. (See Matter of Ryan, 280 App. Div. 410.) ”
The amount of the widow’s limited right of election is to be charged pro rata against all the legatees and the trust (Matter of Wittner, 200 Misc. 957).
Submit decree on notice accordingly.