Maximilian Moss, S.
In this accounting proceeding the executor presents 23 questions of construction resulting for the most part from the determination heretofore made by this court upholding the exercise of the widow’s right of election. The court determines that the widow has an absolute right of election, inasmuch as the devise to her for life of the real property in paragraph “ Second” and the life annuity to her in paragraph “Third” of the will are subject to stated conditions including one that “ she remain single and unmarried.” The exercise of her absolute right of election nullifies the conditional life estate and annuity to the widow (Matter of Bevan, 185 Misc. 192; Matter of Giddings, 198 Misc. 536; Matter of Gingold, 116 N. Y. S. 2d 868; Matter of Spencer, 145 N. Y. S. 2d 397). At the same time the remainder interest in the real property is accelerated and vests immediately in the remainderman. The widow thus becomes entitled to her intestate share outright, i.e., one half of the decedent’s estate after deducting her statutory exemption, decedent’s debts and funeral and administration expenses, but before deducting and subject to the allocation of her shares of estate taxes. The amendment to Decedent Estate Law (§ 18, subd. 1, par. (a), eff. April 19, 1955) directing that in computing the net estate, all estate taxes be disregarded is not retroactive and therefore not applicable herein (Matter of Spingarn, 5 Misc 2d 36; Matter of Holcombe, 6 Misc 2d, 241). The widow’s interest cuts across the entire estate, subjecting each testamentary gift pro tanto to her statutory lien which is to be satisfied from the subject matter of the several gifts or by exoneration of their respective donees (Matter of Byrnes, 260 N. Y. 465; Matter of Wishart, 149 Misc. 343; Matter of Curley, 160 Misc. 844; Matter of Ferrara, 165 Misc. 900; Matter of Topazio, 175 Misc. 132; Matter of Willoughby, 45 N. Y. S. 2d 177, affd. 268 App. Div. 1046; Matter of Furno, 199 Misc. 273; Matter of Vlachakis, 199 Misc. 516; Matter of Getz, 115 N. Y. S. 2d 18; Matter of Vitale, 118 N. Y. S. 2d 773; Matter of Reich, 133 N. Y. S. 2d 77; and cases cited above). Since the real estate has been sold pursuant to order of this court, the widow’s lien attaches to the proceeds.
The bequest in paragraph “ Third ” of the will was of “ all the stock in Tally Paper Box Co., Inc., which I own” to four beneficiaries in specified numbers totaling 100 shares (emphasis supplied). This constituted specific legacies (Crawford v. McCarthy, 159 N. Y. 514; Matter of Morphy, 70 N. Y. S. 2d 167) which vested immediately subject pro tanto to the widow’s statutory lien as stated above. Actually however testator owned 101 shares of the stock, being all the shares of stock issued by the *169 corporation. Is the one additional share of stock included in the bequest under paragraph “ Third ” or does it become part of the residuary estate devised and bequeathed to the nephews and nieces of testator and the petitioner? The court holds that testator by said paragraph intended to dispose of all of the shares of stock of the wholly owned corporation, but by inadvertence or in the mistaken belief that only 100 shares of stock were issued bequeathed a total of only 100 shares. In the light of the circumstances and the “ tokens ” found in the will the court determines that the bequest in paragraph ‘1 Third ’ ’ includes the additional share (cf. Matter of Smith, 131 N. Y. S. 2d 390) and adopts the recommendation of the special guardian that the four beneficiaries named in paragraph “ Third ” share therein in proportion to the number of shares specifically given to them. In the event any of such legatees is unwilling to exonerate the widow’s interest by the payment of a sum of money in accordance with its valuation at time of distribution she may compel the transfer to her of the number of shares to which she is entitled. Such appraised valuation may be used to determine also the widow’s elective share and other related questions. In addition, the widow is entitled to her prorata share of all stock dividends earned during the executorial period (Matter of Hubbell, 65 N. Y. S. 2d 40; and cases cited above).
Finally, the gift to the widow by paragraph “Fourth” of ‘ ‘ the proceeds and moneys I have on deposit in my name in the East Brooklyn Savings Bank ’ ’ must be deemed a confirmation of the Totten Trust created by testator for her and therefore is not to be considered as part of the estate for the purpose of computing her elective share (Matter of Perlmutter, 199 Misc. 330; Matter of Koster, 119 N. Y. S. 2d 2; Matter of Phipps, 125 N. Y. S. 2d 606; cf. Matter of Ludwig, 207 Misc. 860).
The special guardian in his report raises several questions pertaining to the computation of commissions in the account. These will be disposed of upon the settlement of the decree. Proceed accordingly.