Maximilian Moss, S.
Incidental to the executrix’ petition for the judicial settlement of her account a determination is necessary with respect to whether testator revoked by will certain Totten Trust savings accounts and changed the beneficiaries of certain foreign government bonds.
Paragraph “ 2nd ” of testator’s will reads in part “ I hereby revoke the following saving accounts which are in my name in trust for ’ ’ naming the beneficiaries. The testator then describes three trust accounts. While the testator does not repeat the words of revocation for each named beneficiary of the three accounts, testator’s intent to do so is evident by the language in paragraph “ 3rd ” which immediately follows. Said paragraph “3rd” reads in part as follows: “I direct that the money from the above trust accounts be given to [petitioner] * * * to be used by her to pay my hospital and funeral expenses.” The surrounding circumstances at the time of the execution of the will may be considered by the court where there is doubt as to testator’s intent (Matter of Smith, 254 N. Y. 283; Matter of Neil, 238 N. Y. 138). At the time that testator made his will he was ill and confined to a hospital, then died about three weeks thereafter. Except for a small amount in a personal savings account, all his assets consisted of money deposited in Totten Trust accounts and foreign government bonds payable to various beneficiaries. It is apparent that testator was concerned with providing necessary funds for his hospital and funeral expenses.
Totten Trusts are tentative, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration. Such trusts may be revoked in the lifetime of the depositor by a transfer of the form of the deposit or by the terms of depositor’s will (Moran v. Ferchland, 113 Misc. 1; Matter of Brazil, 127 Misc. 288; Matter of Beck, *673 260 App. Div. 651; Walsh v. Emigrant Ind. Sav. Bank, 106 Misc. 628, affd. 192 App. Div. 908, affd. 233 N. Y. 512). The death of the depositor without revocation gives rise to a presumption of an absolute trust as to the balance remaining in the account (Matter of Totten, 179 N. Y. 112; Hemmerich v. Union Dime Sav. Inst., 205 N. Y. 366, 370). The presumption is a factual inference which is subject to rebuttal either by competent evidence or by a stronger inference (Morris v. Sheehan, 234 N. Y. 366, 368). The account of proceedings indicates that the assets of the estate were insufficient to defray hospital, funeral and administration expenses and that testator was concerned with their payment.
The special guardian raises an issue involving paragraph ‘ ‘ 4th ’ * of the will with respect to whether named beneficiaries of certain Italian Government postal savings and bonds have legally been changed. The said foreign securities were in the name of testator and two other named beneficiaries at the time of his death. After investigation by the special guardian, it has been ascertained that under Italian law and the terms and conditions of the sale of said bonds, the names on the bonds may not be changed by will or otherwise. The court therefore holds that the estate of decedent is entitled to a one-third share thereof, and the two named beneficiaries on the bonds are each entitled to a one-third share.
The court further determines that by paragraph “ 2nd ” the testator revoked the trust accounts mentioned therein and that the proceeds thereof are payable to petitioner herein for the purposes expressed in testator’s will. Insofar as the general assets of the estate are insufficient to pay reasonable hospital, funeral and administration expenses of the testator, these obligations are a charge against the other trust accounts whose beneficiaries thereof are charged with a prorata contribution towards payment of said expenses. Any excess, however, will belong to the named beneficiaries.
Settle decree on notice.