Maximilian Moss, S. In this accounting proceeding, the executrix seeks a construction of article “ Second ” of the will to determine whether a certain “ Totten Trust ” referred to therein was revoked, and the validity of the election filed by the widow.
By article “ second ” the testator bequeathed to two named children all sums of money standing in his name in the Dime Savings Bank of Brooklyn, where he maintained a Totten Trust account for the benefit of one of the children named in the said article.
A tentative trust of a savings bank deposit may be revoked by the will of a depositor, and it is so revoked where a disposition is made of a bank deposit in favor of persons other than those named as cestuis of the account (Matter of Totten, 179 N. Y. 112; Meehan v. Emigrant Ind. Sav. Bank, 213 App. Div. 807, affd. without opinion 241 N. Y. 564; Matter of Beck, 260 App. Div. 651; Matter of Sterling, 264 App. Div. 308, affd. 290 N. Y. 820). The said Totten Trust was effectively revoked and by virtue of said article became an estate asset. The Dime Savings Bank of Brooklyn shall make payment to the petitioner of the amount due on the account referred to in the petition together with accrued interest upon presentation of the passbook.
Upon the exercise by the widow of her right of election she became entitled to her intestate share of the net estate outright to be computed as provided by section 18 (subd. 1, par. [a]) of the Decedent Estate Law. Each testamentary gift must abate pro rata to satisfy the widow’s elective share (Matter of *502 Taliento, 9 Misc 2d 167; Blatter of Fagan, 84 N. Y. S. 2d 558) whether the legacies be general, specific or residuary (Matter of Litt, 73 N. Y. S. 2d 368; Matter of Topazio, 175 Misc. 132; Matter of Barrows, 204 Misc. 339).
Settle decree on notice.