Maximilian Moss, S.
This petition seeks a construction of testator’s will to determine whether a certain “ Totten Trust ” account maintained by the testator was revoked by the will. It further seeks direction as to the manner of disposition of testator’s after-acquired real property; and the affect, if any, of an alleged agreement between testator and his wife on dispositions contained in the will.
The will is dated October 10, 1955 and was typed on a stationer’s printed form. By its single dispositive provision it devises the testator’s share of his house on First Street in New Suffolk, New York, and bequeaths a car and moneys due from his employer to his wife. ‘ ‘ My bank account at the Broadway Savings Bank, Park Place * * * New York City * * * are to be divided equally between my daughters and their children [each of whom is named], share and share alike.” At the time of his death, testator maintained a Totten Trust account for the benefit of his wife at the designated bank.
A tentative trust of a savings bank deposit is revoked by the will of a depositor where the will’s provisions specifically make a different disposition of the funds in such account (Matter of Hattan, 19 Misc 2d 500; Matter of Poma, 20 Misc 2d 671). The court determines that the testator by his will effectively revoked the trust account maintained by him at the Broadway Savings Bank and the proceeds of said account are to be applied in the manner expressed in the -will.
The testator by conveying his interest, prior to his death, in the said house on First Street effected an ademption of this gift (Matter of Bernier, 15 Misc 2d 156). By a deed dated July 16, 1960, recorded July 21, 1960, the testator acquired certain property, other than that described in his will, at New Suffolk, in the Town of Southold, Suffolk County, State of New York. This property was acquired by testator in his own name and was owned by testator at the time of his death. The said testator’s after-acquired property must be disposed of as in intestacy inasmuch as the will did not contain a residuary *499 clause. A devise of a specified parcel of real property will not carry after-acquired real property unless the language used clearly expresses such intent or from which it may necessarily be implied (Stanfield v. Thorne, 217 App. Div. 767).
The petition recites that the widow executed a will contemporaneously with the testator and claims an alleged agreement as to the dispositions which were to be made by each of them. The mere circumstances of the simultaneous execution of similar wills by testator and the widow is insufficient to establish the agreement contended for and does not have the effect of establishing a constructive trust to be impressed on the property of testator for the widow’s benefit (Oursler v. Armstrong, 10 N Y 2d 385).