■ In the Matter of the Estate of CHARLES E. ONODY, Deceased. JOHN H. KRISTA, as Executor of CHARLES E. ONODY, Deceased, Appellant; BARRY H. SERPER, as Special Guardian for Infants, Respondent.— In a proceeding for the construction of a will, the petitioner-executor appeals from so much of a decree of the Surrogate's Court, Kings County, dated March 27, 1962: (1) as adjudged that said will revoked a " Totten Trust " savings bank account maintained by the testator for the benefit of his widow; (2) as contained further directions in accordance with said adjudication; and (3) as allowed to the respondent special guardian the sum of $600 as compensation for his services. Decree affirmed, with costs to the special guardian, payable out of the estate. The $600 allowance is deemed by us to include the services rendered by the special guardian incident to this appeal. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur. [33 Misc 2d 497.]

9 MARY LAMBIASI, Respondent, v. HOME TITLE GUARANTY COMPANY, Appellant.— In an action to recover damages for the defendant's alleged breach of an escrow agreement, the defendant (escrowee), by permission of the Appellate Term of the Supreme Court, appeals from an order of that court, dated December 8, 1961, which unanimously affirmed an order of the Municipal Court of the City of New York, dated July 12, 1961, denying defendant's motion for summary judgment dismissing the complaint and for judgment on the pleadings (Rules Civ. Prac., rules 113, 112). Order of the Appellate Term and order of the Municipal Court reversed on the law and on the facts, with $10 costs and disbursements, and defendant's motion granted to the extent of awarding summary judgment to it dismissing the complaint. Plaintiff, who executed the escrow agreement in the presence of her attorney, cannot be heard to invoke a purported oral assurance that the money on deposit with the defendant would be returned to her in the event it should be determined that she (as the seller) was not required to satisfy the lien. That was a matter between the parties to the contract of sale. The authorization, contained in the escrow agreement, to the effect that defendant should satisfy the lien with the money on deposit with it if the lien had not been disposed of by February 14, 1960, is consonant with the said purported oral assurance. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.