Christopher C. McGrath, S.
This is an independent proceeding for construction (Surrogate’s Ct. Act, § 145) brought by the executor herein to determine whether the decedent by last will and testament dated December 29, 1962 revoked a certain Totten trust savings account and effectively changed the beneficiaries of certain shares of a mutual fund investment corporation.
The facts are not in dispute and the issues in this matter have been submitted by the parties to the court for determination upon the papers. It appears that at the time of her death on June 25,1963, the decedent had an account in the Bronx Savings Bank bearing No. 69544 with a balance of $8,775.99. This account was in the name of decedent in trust for Alex Peter, Jean Peter and Mrs. Sam Pastore. At decedent’s death, the passbook for this account was in the possession of the Bronx Savings Bank where it had been left by decedent for security for loans which were then due at said bank. However, upon the death of decedent, life insurance on her life payable to the Bronx Savings Bank was used to repay the indebtedness due the bank and thereafter the passbook in question was turned over to the executor herein.
A dispute has arisen as to the ownership of the proceeds of this bank account as a result of the provisions of paragraph “fifth” of decedent’s will. The pertinent language of this paragraph reads as follows: 1 ‘ The proceeds of a bank account presently on deposit at the Bronx Savings Bank, Pelham Parkway Branch, I hereby give, devise and bequeath to my friends Alex Peter and Jean Peter * * * and my friend Betty Alch * * * in equal shares to do with as they see fit.” It is thus apparent that decedent decided to substitute Betty Alch as one of the beneficiaries of her Totten trust savings account in place of1 Mrs. Sam Pastore.
A principle well established in the law is that a Totten trust is a tentative trust which is revocable at will and that one of *789 the recognized methods that may be employed to effectuate revocation is by the terms of the depositor’s last will and testament (Matter of Totten, 179 N. Y. 112; Moran v. Ferchlamd, 113 Misc. 1; Matter of Brazil, 127 Misc. 288; Matter of Schrier, 145 Misc. 593; Matter of Beck, 260 App. Div. 651; Matter of Koster, 119 M. Y. S. 2d 2; Matter of Poma, 20 Misc 2d 671). Furthermore, a Totten trust savings account will be deemed revoked where a disposition by will is made of the account in favor of persons other than those named as beneficiaries of the account (Matter of Totten, supra; Meehan v. Emigrant Ind. Sav. Bank, 213 App. Div. 807, affd. 241 N. Y. 564; Matter of Beck, supra; Matter of Sterling, 264 App. Div. 308, affd. 290 N. Y. 820 ; Matter of Hattan, 19 Misc 2d 500).
■Since it is conceded that at no time did the depositor deliver the passbook to the named beneficiary, Mrs. Sam Pastore, and it appearing that at no time did the decedent in her lifetime make the tentative trust herein irrevocable by some unequivocal act or declaration, the court holds that the decedent’s will revoked the savings account insofar as it pertained to Mrs. Sam Pastore. Accordingly, the proceeds of the account will be paid to the persons named as legatees in paragraph ‘ ‘ fifth ’ ’ of the will, subject, however, to the retention by the Bronx Savings Bank of the sum of $569.92 pending the determination of a claim based on a forged indorsement.
At the time of her death the decedent was also the owner of two fully paid mutual funds in the Investors Planning Corporation of America, hereinafter termed the “Plan Company.” On December 26, 1962 the decedent executed a declaration of trust at the offices of the Plan Company whereby she designated her nephew, Mark Stein, as the beneficiary of one of these mutual funds. On the same date, the decedent in the manner specified by the Plan Company named as the beneficiary of the other mutual fund her nephew, Mark Stein, and a friend, Jean Peter.
The contracts pertaining to the ownership of the fund shares prescribed specific modes in order to exercise a change of beneficiary, amendment or revocation during the lifetime of the owner thereof. Insofar as relevant herein, the prescribed manner for change could be effected by the execution of a written instrument filed by the record owner and delivered to the Plan Company. There was no provision in the instrument for change of beneficiary, revocation or amendment by means of a last will and testament.
However, the decedent’s will dated December 29, 1962 contained the following provision: ‘1 sixth : I further give, devise *790 and bequeath all my clothes and household possessions to Betty Alch, as well as any and all mutual funds in which I have invested during my lifetime and of which I may die seized or possessed.” It is, conceded that at no time in her lifetime did the decedent exercise her reserved powers to change the beneficiary, revoke or amend the declarations of trust respecting these mutual funds in the manner prescribed by the rules and regulations of the; Plan Company.
The question to be determined is whether the provision in paragraph ‘ ‘ sixth ’ ’ of the will was an effective exercise of the power of revocation, amendment or change of beneficiary reserved to the decedent. It is the opinion of this court that this right was not exercisable by the testamentary disposition. Although a provision in a will may revoke a Totten trust savings account, the same result does not follow where a formal declaration of trust relating to a mutual fund is involved. In the latter case, a specific mode is prescribed for the exercise of the reserved powers of change and these changes can only be made by the method specified in the agreement. An attempted revocation or modification by means of a will provision does not constitute compliance with the requisite method to alter the agreement relating to the mutual funds and the will of decedent bequeathing the mutual fund shares to another is insufficient to do so (Chase Nat. Bank v. Tomagno, 172 Misc. 63; Matter of Berry, 21 Misc 2d 484; Matter of Lachlan, 24 Misc 2d 323; Fink v. Fink, 171 N. Y. 616; Restatement, Trusts 2d, § 330, Comment j).
Accordingly, the1 legatee named in paragraph ‘1 sixth ’ ’ of the will herein is not entitled to the proceeds of the decedent’s mutual fund investments.