ROSE WALSH, Plaintiff, *v.* EMIGRANT INDUSTRIAL SAVINGS BANK and PATRICK COLL, as Executor of the Last Will and Testament of BRIDGET COLL, Deceased, Defendants.

(Supreme Court, New York Special Term, March, 1919.)

Trusts — deposits in savings banks in trust — creation and revocation of trust deposits — evidence — wills — executors and administrators — Code Civ. Pro. § 829.

A deposit in bank by one in her own name as trustee for another does not, standing alone, establish an irrevocable trust during the life of the depositor.

Where the depositor dies before the beneficiary without revoking the trust, or without some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor.

Where the depositor, at the time she called in a stranger to draw her will, exhibited three savings bank books and told her they represented deposits of about a certain sum and bequeathed her estate upon that basis, and within a day or two thereafter declared to another witness that she did not want said beneficiary to have any of her money, said declarations of the decedent are admissible as part of the *res gestae* and establish an affirmative act of revocation or disaffirmance of the trust.

The executor, having waived his right under section 829 of the Code of Civil Procedure, a contention that the testimony of the witness who drew the will, which was in favor of the decedent's estate, should have been excluded, is untenable.

A further contention that the decedent, not having revoked the trust in her lifetime, could not do so by will, is without merit.

Upon directing judgment in favor of the executor in an action brought against him and one of the savings banks, *held,* that decedent, by her act, had deprived the plaintiff of any interest in the savings bank account.

ACTION to recover a savings bank deposit.

Joseph H. Hayes, for plaintiff.

R. and E. J. O'Gorman, for defendant Emigrant Industrial Savings Bank.

Harold C. Knoeppel, for defendant Coll.

DELEHANTY, J.  The law is well settled to the effect that a deposit by one person of his own money, in his own name, as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor.  It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass-book or notice to the beneficiary.  In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor.  In this case there was no notice to the beneficiary that a trust was created in her favor, nor was the alleged gift completed by the delivery of the pass-book or by any other unequivocal act or declaration of the decedent during her lifetime.  I am compelled to believe, on the contrary, that there was a positive disaffirmance of the trust in behalf of the plaintiff.  The donor some time before her death called in the witness Roach, a stranger, to draw her will.  At the time she held three savings bank books in her hand and said that they represented deposits of a little over $5,000, and then proceeded to bequeath her estate upon that basis.  The witness Sarah Coll testified that within a day or so after the drawing of the will she visited the decedent, who declared that she did not want the plaintiff to have any of her money.  It is pointed out that the testimony of these two witnesses is not to be taken into consider-

Supreme Court, March, 1919. [Vol. 106.

ation, for the reason that the statements were not made contemporaneously with the act of making the deposit. *Matter of Beaman,* 163 N. Y. Supp. 800; *Tierney v. Fitzpatrick,* 195 N. Y. 433. If the evidence in question were introduced for the purpose of establishing the character of the deposit as a trust, the plaintiff's argument would have to be sustained on the theory that the testimony related to a past event. That, however, was not the purpose of bringing such proof into the case. It was done to establish an affirmative act of revocation or disaffirmance, and as the conversations referred to were had with the decedent just prior to the execution of the will and immediately thereafter, I am constrained to hold that they formed a part of the *res gestae* and are therefore admissible in evidence. The plaintiff's further contention that Mrs. Coll's testimony should be excluded under section 829 of the Code of Civil Procedure is unsound. The executor herein has exercised his right to waive such provision of the Code, and, furthermore, the testimony of the witness is not directed against the decedent's estate, but in favor of it. The court's attention is further directed to the proposition that unless the decedent actually revoked the trust in her lifetime it could not be done by will, as a will speaks only from the time of death, when the trust by operation of law has become irrevocable. It seems to me that this contention is without merit. In *Matter of Totten,* 179 N. Y. 112, the Court of Appeals said: "When a deposit is made in trust and the depositor dies intestate leaving it undisturbed, in the absence of other evidence, the presumption seems to arise that a trust was intended in order to avoid the trouble of making a will." P. 124. Here the decedent went to the trouble and expense of making a will, and in order to carry out the provisions thereof it is essential to include in the assets of the estate the $3,000 in the

disputed bank account. On the facts and circumstances presented I am constrained to hold that the decedent by her acts deprived the plaintiff of any interest in the account herein and that judgment must be directed in favor of the executor.

Judgment accordingly.