Surrogate's Court, Bronx County, June, 1920.    [Vol. 112.

Matter of the Estate of SABINA BEAGAN, Deceased.

(Surrogate's Court, Bronx County, June, 1920.)

Gifts — when not complete — trusts — wills — savings banks — decedents' estates — discovery.

> Where one who had made a savings bank deposit, in her own name in trust for another, did not complete the gift by delivery of the pass book or notice to the beneficiary, but it satisfactorily appears that by her will legacies were given approximately in the amount of the deposit and that she had no other property, the title to the deposit must be held to be in the estate of decedent.

DISCOVERY proceeding.

Robert S. Mullen, for petitioner.

Rews, Scrugham & Arbuckle, for respondent.

SCHULZ, S.   This proceeding was brought pursuant to sections 2675 and 2676 of the Code of Civil Procedure.

The petitioner, the executor of the last will and testament of the decedent, alleges that certain moneys which at the time of her death were deposited in a savings bank in the name of " Sabina Beagan in trust for Catherine T. Mulligan " are in the possession of the respondent and should be delivered to him.   The respondent in her answer claims title to the deposit in question.   The matter, therefore, proceeded as a trial and not merely as an inquisition.   Code Civ. Pro. § 2676.   See cases cited in *Matter of Adler,* 107 Misc. Rep. 574, affd., *sub. nom. Adler* v. *Levene,* 191 App. Div. 40.

The form of the deposit " standing alone, does not establish an irrevocable trust during the lifetime of the depositor.   It is a tentative trust merely, revocable at

will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor.'' *Matter of Totten,* 179 N. Y. 112, 125.

There is no serious dispute as to the facts. It appears that there was no such '' unequivocal act or declaration '' as to complete the gift during the lifetime of the decedent. The latter, however, executed a will by which she provided for a number of legacies which in the aggregate amount to approximately the sum on deposit. The unimpeached and uncontradicted testimony of the scrivener of her will shows that before making her will she sent for the bank book showing the account in question and that as she named each legatee and the amount that he or she was to receive, he would tell her how much of the deposit still remained undisposed of. It was further shown that the decedent had no property other than the bank account in question out of which such legacies could have been satisfied. The conclusion that it was her intention by her will to provide for the distribution of the moneys on deposit is irresistible. The question to be determined is whether the execution of the said will and its existence unrevoked at the death of the decedent, revoked the tentative trust.

Two of the cases to which the respondent refers, namely, *Matter of King,* 51 Misc. Rep. 375, and *Stockert* v. *Dry Dock Savings Institution,* 155 App. Div. 123, do not appear to be decisive of the question now before me. In *Matter of King* there was evidence tending to show that the trusts were irrevocable trusts during

Surrogate's Court, Bronx County, June, 1920.    [Vol. 112.

the lifetime of the decedent, and in *Stockert* v. *Dry Dock Savings Institution,* 155 App. Div. 123, the question now to be decided was not before the court. There the Appellate Division reached the conclusion that there was an irrevocable trust created when the deposit was made, and that the attempt to dispose of the moneys included in the trust by a will was ineffective. The observation that it would probably have been equally ineffective if the trust had remained tentative only, was clearly *obiter dictum*.

The question has recently been before the Supreme Court, however, in the case of *Walsh* v. *Emigrant Industrial Savings Bank,* 106 Misc. Rep. 628. In that case, Mr. Justice Delehanty, writing the opinion, says: " The court's attention is further directed to the proposition that unless the decedent actually revoked the trust in her lifetime it could not be done by will, as a will speaks only from the time of death, when the trust by operation of law has become irrevocable. It seems to me that this contention is without merit. In *Matter of Totten,* 179 N. Y. 112, the Court of Appeals said: ' When a deposit is made in trust and the depositor dies intestate leaving it undisturbed, in the absence of other evidence, the presumption seems to arise that a trust was intended in order to avoid the trouble of making a will.' Here the decedent went to the trouble and expense of making a will, and in order to carry out the provisions thereof it is essential to include in the assets of the estate the $3,000 in the disputed bank account." The court then rendered judgment for the executor, holding that the decedent by her acts deprived the defendant of any interest in the account.

As the foregoing case was before the Appellate Division when this matter was submitted to me, it was agreed by counsel that the decision should be withheld

pending a decision by the Appellate Division. The latter has now affirmed the Special Term. *Walsh* v. *Emigrant Industrial Savings Bank,* N. Y. L. J., May 29, 1920.

Upon the authority of that case, I am constrained to hold that the title to the deposit is in the estate of the decedent. As the moneys which constituted the said account amounting to $1,470.56 are now in the possession or under the control of the respondent, an order will be entered directing the delivery thereof to the petitioner.

Decreed accordingly.