WILLIAM J. MORAN, Plaintiff, *v.* SARAH FERCHLAND, Defendant.

(Supreme Court, Kings Special Term for Trials, August, 1920.)

Trusts — savings bank deposit — revocation by will.

> A tentative trust in a savings bank deposit, revocable at the will of the depositor at any time before her death, is revoked by her will giving the amount of the deposit to a new named beneficiary.

ACTION to recover a savings bank deposit.

Adolph Ruger, for plaintiff.

John D. Armstrong, for defendant.

LAZANSKY, J. Finding these facts: (1) The original deposit in trust for defendant; (2) the knowledge of defendant thereof; (3) control of passbook by decedent; (4) declarations of decedent in presence of defendant and to friends that defendant would have her money when decedent died; (5) the withdrawal of the entire account and the redeposit under the same names without considering the reason therefor claimed by plaintiff; the withdrawal of various sums with the knowledge of defendant or by the defendant acting for

1

decedent; (6) decedent's financial condition at the time of the deposit and her manner of living; I am of the opinion that a tentative trust was created revocable at the will of the depositor at any time before her death. *Tierney* v. *Fitzpatrick,* 122 App. Div. 623; revd., 195 N. Y. 433, on a question not here involved; *Matter of Totten,* 179 id. 112; *Matthews* v. *Brooklyn Sav. Bank,* 208 id. 508. The more important question in the case, in my opinion, is whether or not there has been a revocation. The execution of the will was a publication of her alleged intention, as testified, to leave the money in bank to the Morans. If the will is not an act of disaffirmance, then her expressed intention to leave the money to the Morans is not. Neither could be effectual until death. In fact, defendant's claim here is that the defendant was only to have the money upon death of the depositor. In *Stockert* v. *Dry Dock Sav. Inst.,* 155 App. Div. 123, it is said (at p. 129) : " If we are right that an irrevocable trust was created when the deposit was made, the attempt to dispose of the moneys included in the trust by will was obviously ineffective (*Kelly* v. *Beers,* 194 N. Y. 60). Indeed it would probably have been equally ineffective if the trust had remained tentative only, and no attempt had been made to revoke it before the death of the depositor, for in that case the trust would have become irrevocable at the same moment that the will took effect."

This latter observation of the court was not essential to the decision, and I am therefore warranted in not subscribing to it if I do not agree with it. In *Matter of Totten, supra,* it is said: " In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor."

Is not the publication of a will, leaving the very account involved to another person, a decisive declaration of disaffirmance? By such an act of disaffirmance the tentative trust is impliedly revoked. By her will the depositor has said that which I intended at the time of my death should go to the person named as beneficiary in my passbook is to go to the person named in the will. It seems to me that such a declaration is as much a revocation as if the depositor had had the passbook changed in favor of another person. Such an act would mean that the new named beneficiary would get the money upon death of depositor if the designation was not revoked or disaffirmed. That is just what, in effect, was done by the publication of the will. Of course, if the trust was irrevocable, then the execution of the will would make no change. *Kelly* v. *Beers,* 194 N. Y. 60. The plaintiff is, therefore, entitled to judgment; no costs.

Judgment accordingly.