In the Matter of the Estate of WILLIAM BRAZIL, Deceased.

Surrogate's Court, New York County, July 29, 1927.

**Wills — construction — devise of balance in bank applies to personal account and not to accounts in trust.**

Testator devised " the moneys which remain at the time of my decease in the Bowery Savings Bank." Testator had in the same bank two accounts in his name in trust for another. The devise is construed to pass only the money on deposit in the testator's personal account.

Surrogate's Court, New York County, July, 1927.        [Vol. 130

PROCEEDING for construction of will.

*Olvany, Eisner & Donnelly,* for the executor.

*Knox & Deignan,* for Bowery Savings Bank.

*Peck & Hancock,* for St. Joseph's Home for Aged.

*George C. Winne,* for Mary A. Hanley.

*Samuel F. Swinburne,* for Mary McDonald.

O'BRIEN, S.   This matter having come on for trial in accordance with the decision upon appeal, the executor presents additional evidence of a vital character in the form of an additional bank book covering decedent's personal account, No. 1,329,794 in the Bowery Savings Bank.   (Upon the former trial only two bank books figured in the papers and in the testimony.)   The personal account was opened before the execution of decedent's will, and there is but little doubt that it was the balance therein that testator meant when he gave " the moneys which remain at the time of my decease in the Bowery Savings Bank " to Mary A. Hanley.   It is contended that the language quoted is broad enough to include the balance of the two other accounts in said bank, both of which were opened by decedent in his name in trust for another; and that it was his intention to revoke both trusts so that said balances would pass under paragraph fourth of the will, in accordance with the rule stated in *Matter of Totten* (179 N. Y. 112) and *Walsh* v. *Emigrant Industrial Savings Bank* (106 Misc. 628). The facts presented upon this trial, however, distinguish the present from the cases cited. Here the question is raised by the testator's use of language that is susceptible of two constructions, viz.: (a) That the phrase above quoted applied only to his personal account; and (b) that it applied to all accounts in said bank. As above stated, the facts disclosed all point to the correctness of the former contention.

I hold, therefore, that the balances in the two accounts in the Bowery Savings Bank, viz., the one in decedent's name " in trust for John A. Handley," and the other " in trust for Mary McDonald," are not assets of this estate, but that title to each of them passed, upon testator's death, to the beneficiary named therein. (*Matter of Totten, supra,* 126.) Submit decree on notice construing the will accordingly.