In the Matter of the Estate of JOHN MURRAY, Deceased.

Surrogate's Court, Sullivan County, April 22, 1932.

*William G. Birmingham,* executor.

*Paul McDermott, amicus curiæ.*

*Wiess & Costa,* for certain claimants.

COOKE, S. John Murray died on or about November 21, 1930, a resident of the county of Sullivan. On or about October 6, 1930, he had prepared for him by a justice of the peace of his town, who was not a lawyer, a will, the second provision of which is as follows: " To my Sister Marry E. McColough the use of all my estate during her natural life and after her death I bequeath as

follows five hundred dollars is to be placed in Some good and Solvent Bank and the interest therefrom is to be used each year for the upkeep of my plot in the Woodbourne Catholic cemetery one hundred dollars to the Catholic Church of Woodbourne N. Y. to Father Joseph A. Geis $100. to Sarah Weller $500 to Jennie G. Eckert $100. to Carrie Fitch $200 to Harry Knox $50 to George Knox $50 to Cornelia Hornbeck $200 to Gladys E. Shaw $100 to Eugene Smith $100. and the balance of the estate is to be devided equal Between Sarah Weller Jennie Eckert Carrie Fitch and Cornelia Hornbeck."

On or about June 10, 1929, decedent deposited in the Ellenville Savings Bank the sum of $4,210, "John Murray in trust for Mrs. Mary McCullough." Mrs. Mary McCullough was a sister of deceased and is a very elderly lady.

At the time of the death of said John Murray he did not have enough to pay the specific legacies in full. When his bills and testamentary expenses were paid, there would hardly be enough to pay twenty-five cents on the dollar of his specific legacies.

The question has been presented as to whether or not the acts of the testator, at the time of the execution of the will, constitute such "decisive act or declaration of disaffirmance" as would cause a revocation of the tentative trust of the money in the Ellenville Savings Bank.

In *Matter of Totten* (179 N. Y. 112) it is held that a deposit by one person of his money in his own name, as trustee for another, does not establish an irrevocable trust during the lifetime of the depositor; that it is a tentative trust, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration. It is further held that in case the depositor dies before the beneficiary, without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor.

In this case there is rather a close question. The executor, who drew the will, has died and we are unable to have the benefit of his testimony.

The cases on this subject are very ably collected and reported in *Matter of Richardson* (134 Misc. 174).

Surrogate WINGATE, in his opinion in that case, reviews many cases upon this subject and calls our attention to the case of *Walsh* v. *Emigrant, etc., Bank* (106 Misc. 628) and *Matter of Beagan* (112 id. 292).

In these cases the court held that the tentative trust was revoked and awarded the account to the estate.

On page 754 of the *Richardson* case we find as follows: " Can these apparently conflicting determinations be reconciled? It will be noted on analysis of the facts of these cases that in the *Walsh* and *Beagan* cases the tentative trusts were held to be revoked where the wills contained specific legacies which would have failed had the trust been sustained, and in the *Wait* [*Wait* v. *Society, etc., of N. Y. City*, 68 Misc. 245] and *Meehan* [*Meehan* v. *Emigrant, etc., Bank*, 213 App. Div. 807] cases the trusts were held to be effective as against general or residuary clauses in the respective wills. This distinction will reconcile the two apparently conflicting affirmances in the *Walsh* and *Meehan* cases, in neither of which was an opinion rendered by the Court of Appeals. As will be hereinafter noted, it is possible that the cases may also be reconciled on another theory. In any event, it seems to be established by controlling authority that a mere general or residuary bequest, in the absence of any further feature, will not effect a revocation of the tentative trusts."

It has long been the rule that courts endeavor to find out as nearly as possible what was the intention and desire of the testator and to follow that intention and desire whenever it is practicable and proper to do so.

In his will the testator at first states that he gives to his sister, Mary E. McCullough, the use of all his estate during her natural life.

It would seem that he must have had in mind the money which he had deposited in the savings bank, as that consisted of the bulk of his estate. He knew that his funeral bill and other expenses would have to be paid, and after deducting those expenses from the amount he had on hand there would be very little left of which his sister would have the life use. Then, again, he left $2,000 in eleven specific legacies, to be paid at his sister's death. These could not be paid unless he revoked the tentative trust. He then divided the balance of his estate among four distant relatives. He does not appear to have any near relatives, except his sister.

To carry out his evident intention and desire, he had to revoke the tentative trust, and it would appear that he had done so by his will. He had retained possession of the bank book, showing this deposit, until his death.

Order may be agreed upon or settled on notice.