In the Matter of the Estate of MARY ROSSO, Deceased.

Surrogate's Court, New York County, March 2, 1933.

*William E. Cook*, for the petitioner.

*John A. Bell*, special guardian.

DELEHANTY, S.  On January 30, 1912, Mary Rosso opened an account in the Bank for Savings of the City of New York, in the title:."Mary Rosso in trust for son Charles A."  By will dated August 29, 1918, she gave a specific legacy to her son Charles as follows: " I give and bequeath to my son Charles Albert Rosso all funds that I may have on deposit in the Bank for Savings."

At the time of her death on January 19, 1931, the account referred to still remained in the savings bank and had a balance of $4,187.30.

The question here presented for decision is whether or not the son Charles is the owner of the bank account by reason of the form of deposit, or whether the quoted paragraph of the will revoked the trust and hence requires that the fund be accounted for as part of the estate.  It has been held repeatedly that such form of deposit, standing alone, establishes only a tentative trust, becoming an absolute gift either upon the death of the depositor without withdrawing the whole fund in his lifetime or upon the performance by the depositor of some unequivocal overt act which evidences an intention to complete the gift, such as delivery of the pass book

to the beneficiary. (*Matter of Totten,* 179 N. Y. 112, at p. 126; *Walsh* v. *Emigrant Industrial Savings Bank,* 106 Misc. 628; affd., 192 App. Div. 908; 233 N. Y. 512; *Matter of Beagan,* 112 Misc. 292; *Morris* v. *Sheehan,* 234 N. Y. 366.) Such tentative trust could be revoked by a will bequeathing the deposit and evidencing an intention to deprive the tentative *cestui* of it. Here it would be a misconstruction of the obvious purpose of testatrix to say that the language in the will constituted a revocation of the tentative trust. The quoted language is a confirmation of the earlier intention to vest the title to the fund in her son. It can scarcely be supposed that testatrix intended that the simple and direct gift effectuated by the terms of the deposit was to be substituted by the circuitous method of having the precise fund paid into the estate and again paid out as a specific legacy.

In this case there is stated in the account that the book evidencing the deposit was actually delivered to the son in the lifetime of deceased. Proof on this point was taken and the delivery of the book sufficiently established. The fund is the property of Charles A. Rosso. (*Tibbitts* v. *Zink,* 231 App. Div. 339; *Hanigan* v. *Wright,* 233 id. 82; affd., no opinion, 257 N. Y. 602; *Davlin* v. *Title Guarantee & Trust Co.,* 229 App. Div. 269; affd., 255 N. Y. 559.)

*Matter of Schrier* (145 Misc. 593), cited by counsel, does not apply here because in that case there was no proof of delivery of the bank book and, in addition, the testamentary provisions were inconsistent with the tentative gift and hence revoked it.

The son Charles is entitled to the deposit in question through the gift to him completed by his mother in her lifetime and he does not take by reason of the specific legacy to him contained in the second paragraph of the will.

Submit decree on notice settling the account accordingly.