In the Matter of the Estate of AUGUSTA BERLEY, Deceased.

Surrogate's Court, Bronx County, May 21, 1936.

*Morrison & Lynn* [*Archie B. Morrison* and *Robert C. Fulton, Jr.*, of counsel], for the executor, Louis G. Weiffenbach.

*Daniel Miner*, for Charles H. Weiffenbach, as administrator, etc., of Emma Weiffenbach and Matilda Weiffenbach, deceased.

*Benjamin Koenigsberg*, for the First German Methodist Episcopal Church.

HENDERSON, S. Two questions of construction are presented to the court.

The deceased had two savings bank accounts in trust for Emma Weiffenbach, with balances of $1,973.93 and $567.83. The sole question with respect to the accounts is whether or not these tentative trusts were revoked by the provisions of paragraph second of the will which is dated August 13, 1928, and which reads as follows:

"*Second.* I give and bequeath to my friends, the Misses Emma, Matilda, and Ida Weiffenbach, now or formerly residing at 1132 Forest Avenue, Borough of Bronx, New York City, all my personal effects, clothing, jewelry, silver, furniture, books, pictures, and all

my personal property other than herein otherwise specifically given and bequeathed, and other than money and securities, life insurance policy or policies, and other than book or books representing money to which I am entitled, to be divided among them equally, such division to be made by themselves or the survivors of them, or if unable to agree, then such division to be made as equally as possible ·by my executors hereinafter mentioned, the survivor and /or successor of them. In the event of one or more of said legatees not surviving me, then the survivors are to take all of my said personal effects by equal division made as aforesaid, and if only one shall survive me, such single survivor to take all of said personal effects."

The only other assets possessed by the decedent, who died December 15, 1928, was a life insurance policy of $234 and a $12,000 legacy under the will of John B. Howard, who predeceased the testatrix by three years.

One of the accounts stood in its present form from December 29, 1914, and the other from April 27, 1903. The will does not expressly revoke the trusts. Do the provisions of the will evidence an intent to revoke the tentative trusts?

The only property owned by the decedent was the money in the two bank accounts. She chose a legal and effective way to transfer the money to the person of her choice by creating savings bank trusts. (*Matter of Totten*, 179 N. Y. 112, 125.) A will was unnecessary until she became a beneficiary under the Howard will. After letters testamentary were issued in the Howard estate, she drew her will. She distributed general legacies aggregating $6,100 and left the residuary estate to three sisters, one of whom is the beneficiary of the Totten trusts. In making the bequest to the sisters in the second paragraph of the will, she excluded the bank accounts with the words " and other than book or books representing money to which I am entitled." It is urged that these words revoke the trust for the benefit of Emma Weiffenbach. This court does not reach that conclusion. Having made effective provision by the form of her bank accounts for the disposition of the proceeds, a confirmation of such gifts in her will would have been superfluous. The fact that she specifically excluded them from the bequest in paragraph second of the will was not " some decisive act or declaration of disaffirmance." (*Matter of Totten, supra.*)

A number of cases have held that a Totten trust may be revoked by will in the absence of a specific declaration of disaffirmance where a reading of the will or the evidence adduced establishes that such must have been the testator's intention. (*Matter of*

*Mannix*, 147 Misc. 479; *Matter of Schrier*, 145 id. 593; *Matter of Murray*, 143 id. 499; *Matter of Brazil*, 127 id. 288; revd. on other grounds, 219 App. Div. 594; *Moran* v. *Ferchland*, 113 Misc. 1; *Matter of Beagan*, 112 id. 292; *Walsh* v. *Emigrant Industrial Savings Bank*, 106 id. 628; affd., 192 App. Div. 908; affd., 233 N. Y. 512.)

The intention of the testatrix not to disturb the tentative trusts and to dispose of her personal effects and the Howard legacy by will is further evidenced by the fact that this will was made after the probate of the Howard will and shortly after the issuance of letters to his executor. That the Howard legacy was the reason for the making of her will may also be inferred from paragraph sixteenth:

" *Sixteenth.* In view of the fact that I am a legatee named in the last will and testament of the late John B. Howard, of which Mr. Samuel H. Martin is the executor, which will has been filed for probate in the Surrogates' Court, County of New York, I hope and feel confident that there will be sufficient funds, to be collected by my executors hereinafter mentioned, so that all the said legacies shall be paid in full. However, if there should be a shortage and deficit of funds properly available for payment of the said legacies, in such cases I direct that each of the legacies provided by my will, other than of personal effects [paragraph second], be duly and legally abated and reduced ratably, and be paid accordingly."

There is no revocation of the trust unless it affirmatively appears by the will or by evidence that the testatrix so intended (*Meehan* v. *Emigrant Industrial Savings Bank*, 213 App. Div. 807; affd., 241 N. Y. 564; *Matter of Brazil*, 130 Misc. 299.)

The First German Methodist Episcopal Church requests that its bequest be decreed as a preferred legacy. This legacy is for the perpetual care of the graves of the testatrix and her mother. It is the general rule that such bequests are deemed to be in the same class as funeral expenses (*Matter of Brundage*, 101 Misc. 528; affd., *sub nom. Matter of Farmers' Loan & Trust Co.*, 186 App. Div. 722; modfd. and affd., 226 N. Y. 691) and are preferred to the extent that they may be deemed reasonable. (*Matter of Smallman*, 138 Misc. 889.) The rule is based upon the presumed intention of the testatrix. In this case, by paragraph sixteenth of the will, the testatrix directed that each legacy abate with the single exception of the bequest of personal effects. By the specific provision of this will, it is a general legacy.

Settle decree accordingly.