S. Samuel Di Falco, S.
The testator during his lifetime and many years prior to the drawing of his wall, established five Totten Trust accounts for the benefit of four persons, a sister, two nephews and the wife of a deceased nephew. The amounts on deposit in each account were not equal and in addition to the sums on deposit in the Totten Trust accounts at the time of his death, the decedent had other money and property valued at approximately $7,800. It is urged by the executors that the testator, when he drew his will in 1957, intended to and did effectively revoke the Totten Trust accounts.
In his will, without making mention of or in any way alluding to the Totten Trusts, the testator bequeathed all of his property in equal shares, share and share alike, to the same persons named as the beneficiaries in the Totten Trust accounts.
The testimony adduced at the hearing clearly establishes the intent of the testator to revoke the Totten Trusts and to bequeath his estate in equal shares to the four persons named in his will. Therefore, the only question to be determined is whether the testimony was admissible and has any probative value requiring it to be weighed by the court in reaching its determination.
Although testimony cannot be received for the purpose of establishing an alteration or enlargement of the terms of the wall (Matter of Lummis, 101 Misc. 258; Dwight v. Fancher, 245 N. Y. 71), the testimony in this case was not offered for that purpose. The issue in this proceeding is to determine whether or not the Totten Trusts had been effectively revoked. If the testator at any time prior to his death revoked the Totten Trusts, his executor is now entitled to receive the money standing in the accounts at the time of his death (Matter of Richardson, 134 Misc. 174.) In Matter of Totten (179 N. Y. 112,126), the court stated: “ In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor.” (Emphasis added.)
It is the opinion of this court that the actions and declarations of the testator made immediately before the signing of the said *14 will, were part of the res gestae, were admissible in evidence and constituted a decisive act or declaration of disaffirmance within the language of the Totten case. (Walsh v. Emigrant Ind. Sav. Bank, 106 Misc. 628; Matter of Richardson, supra.) The court, therefore, holds that the Totten Trusts were revoked and that the funds on deposit therein are payable to the executors to be held, administered and distributed by them in accordance with the terms of the will.