Nathan R. Sobel, S.
These are cross motions to confirm and disaffirm the report of a Referee.
The sole issue in the construction proceeding was the disposition to be made of four Totten trust accounts each in the name of decedent in trust for his wife. The passbooks had been delivered to and were in the possession of the wife at the time of decedent’s death. She had upon request delivered the passbooks to the executor.
The testator died August 27, 1967. His will was executed on October 16, 1966 some 10 months prior to his death. At the time of death, the Totten trust accounts represented virtually all the assets of the estate.
The will did not explicitly revoke the Totten trusts (Matter of Vetroock, 34 Misc 2d 1073, 1076 and cases cited; cf. Matter of Krycun, 32 A D 2d 616).
*596 The evidence before the Referee as to the acts, declarations and circumstances surrounding the execution of the will fails to establish an intention upon the part of the testator to revoke the tentative trusts and to include the trusteed accounts as dispositive assets under the terms of the will (Matter of Service, 49 Misc 2d 399 and cases cited).
The executor however contends that revocation must be implied from the terms of the will or the will as a whole (see Revocation of Tentative Trust by Inconsistent Will, 42 Yale L. J. 141; Revocation of Tentative Trust of Savings Bank Account, Anno. 38 ALR 2d 1243; 1 Scott, Trusts [2d ed.], § 58.4).
As noted heretofore, apart from the Totten trust accounts amounting in the aggregate to about $47,000, there were only some $2,000 in other assets. Yet under the terms of the will the widow received $15,000 and the residuary estate and other legatees (relationship not stated) received general legacies totaling $18,500.
The Referee found that there was a “paucity of proof ” with regard to decedent’s assets at the time of the execution of the will, October 16, 1966, the critical date. The fact is that testator explicitly stated that he did not wish to reveal his assets to the draftsman.
An examination of the Totten trust accounts however discloses no withdrawals between October 16, 1966 and the date of death, a period of 10 months. Moreover one of the accounts was opened March 31, 1967, some five months after the execution of the will, with a deposit of $11,000 not withdrawn from any other account or other source revealed by the testimony. While this may not evidence an intention to revoke or not to revoke the tentative trusts (Matter of Krycun, supra [see however dissent]) it does establish that at the time of the execution of the will there were other assets in the possession of decedent. The decedent was over 75 years of age and the widow over 80; both had retired from the joint operation of a chicken farm and had no income other than Social Security.
There being no explicit revocation of the tentative trusts, nor such an explicit intention established at the time of execution of the will, the issue is whether such an intention or signals of such intention may be gathered from the terms of the will as a whole. A determination of this issue, narrower than those considered in the cases heretofore cited, is dependent on many factors the most significant of which are the relationship of the contending parties as the natural beneficiaries of the decedent’s bounty; the sufficiency at the time of execution of *597 the will of the “ other assets ” of the decedent to carry out his expressed intention; the physical possession of the Totten trust bankbooks etc. As these and other factors vary so do the decisions of the courts.
The Referee found from the total evidence presented that there was no explicit intention on the part of the testator to revoke the tentative trusts. The Referee found that no such implied intention could be found in any of the provisions of the will or in the will as a whole.
His findings and recommendations are supported by substantial evidence.
As noted, the decisions turn on the facts which understandably vary in every case. Some decisions support the Referee’s recommendations; others do not, but are clearly distinguishable on the facts (see Matter of Halpern, 303 N. Y. 33; Matter of Beck, 260 App. Div. 651; Matter of Deneff, 44 Misc 2d 947; Matter of Nossenheim, 36 Misc 2d 548; Matter of Ginsburg, 27 Misc 2d 586; Matter of Richardson, 134 Misc. 174; Matter of Mannix, 147 Misc. 479; Matter of Berley, 159 Misc. 560; Matter of Beagan, 112 Misc. 292; Moran v. Ferchland, 113 Misc. 1; Matter of Shelley 50 N. Y. S. 2d 570; Matter of Koster, 119 N. Y. S. 2d 2).
The report of the Referee is confirmed.
The wife, as the beneficiary of the Totten trusts, is entitled to possession of the passbooks and ownership of the accounts except to the extent that the estate representative is entitled to payment from the trust accounts of sums sufficient to make up any deficit in estate assets necessary to satisfy debts and burial expenses and the reasonable cost of the administration of the estate.