OPINION OF THE COURT
Bernard M. Bloom, S.
Decedent died testate on March 29, 1979 survived by one brother. Her testamentary estate ($25,000) was disposed of pursuant to her will dated January 3, 1979 which bequeathed *228 the sum of $1,500 to her brother, jewelry to friends and the remainder in varying percentages to three friends.
During her lifetime, decedent created five Totten trust accounts (total value $26,000). in three different banks wherein the depositor’s brother was designated as beneficiary.
The executor refuses to surrender these passbooks to the brother alleging that the five trust accounts were revoked by article "Second” of the depositor’s will which states: "I direct that any bank account in my name, at my death, whether said account shall be in a commercial bank, savings bank, and/or federal savings and loan association, which account is being held in trust for anyone, I specifically hereby revoke the provisions of said account directing that the balance be paid to said beneficiary upon my death. Each account shall pass in accordance with the terms of this Will and not in accordance with the provisions of any of said accounts.”
The question presented is whether the language in this will provision is effective to revoke the five Totten trust accounts.
The revocation of Totten trust accounts by means of the depositor’s will is governed by EPTL 7-5.2 (subd [2]). It states: "A trust can be revoked, terminated or modified by the depositor’s will only by means of, and to the extent of, an express direction concerning such trust account, which must be described in the will as being in trust for a named beneficiary in a named financial institution. Where the depositor has more than one trust account for a particular beneficiary in a particular financial institution, such a direction will affect all such accounts, unless the direction is limited to one or more accounts specifically identified by account number in addition to the foregoing requirements. A testamentary revocation, termination or modification under this paragraph can be effected by express words of revocation, termination or modification, or by a specific bequest of the trust account, or any part of it, to someone other than the beneficiary. A bequest of part of a trust account shall operate as a pro tanto revocation to the extent of the bequest.”
This section was enacted by the Legislature on the recommendation of the Law Revision Commission in order to clarify the rights of parties interested in Totten trusts. Prior to the codification, the rules regulating the revocation of Totten trusts by means of language in the depositor’s will, which indicated his intent to revoke the account, had fallen into a *229 state of disarray. The commission’s memorandum to the Legislature traced the cause of the confusion to the fact that since the inception of the Totten trust doctrine in 1904 (Matter of Totten, 179 NY 112), the rules governing these accounts had been developed on a case-by-case basis. The decisive factor was the depositor’s subjective intent as determined from the facts and circumstances of the particular case. The courts were not able to apply the rules on a consistent basis due to the varying fact situations that occurred. Thus, in Matter of Krycun (24 NY2d 710), a bequest of "any and all funds on deposit to my credit in any bank or trust company or similar financial institution” did not revoke the trust; while in Matter of Beagan (112 Misc 292), a will bequeathing legacies in an amount approximating the amount on deposit revoked the trust account which was the estate’s only asset.
In order to achieve certainty and predictability in this area of the law, the commission recommended legislation which would "require express directions in a depositor’s will in order to effect a testamentary revocation or modification of a trust account, thus precluding testamentary revocation by implication” (1975 McKinney’s Session Laws of NY, pp 1534, 1536; NY Legis Doc, 1975, No. 65[B]).
EPTL 7-5.2 (subd [2]) was enacted in response to the memorandum. The court reads this statute as reflecting the legislative intendment to restore certainty and predictability to this area of the law by eliminating intention as a criteria to be used by the courts when questions concerning the revocation of a Totten trust by means of the depositor’s will arise. No longer will the question of intent or extenuating facts and circumstances be allowed to cloud the issue as it had done in the past. Either the depositor revoked the account in the prescribed statutory manner or it was not revoked at all. This conclusion is supported by the fact that the statute sets forth exact and precise procedure in the form of two conditions— both of which must be met — in order for a depositor to effectively revoke Totten trusts by means of a will.
The first condition is that the will must contain an express direction concerning such account by the use of words of revocation, modification or a specific bequest of the trust account. The second and equally important condition is that the depositor identify the account as being in a named institution in trust for a named beneficiary. The statute clearly states that where these requirements are not met the surviv *230 ing beneficiary succeeds to the amount on deposit in the account on the depositor’s death (EPTL 7-5.2, subd [4]).
Hence the question to be determined in this and all like cases is not what the depositor intended, but whether he complied with the provisions of the statute.
While the language in article "Second” of the will reveals depositor’s intention to revoke the trust account by the use of language which, in effect, states "I hereby revoke all trust accounts held by me in any bank in trust for anyone”, the use of the terms "anyone” and "any bank” are too vague to be held to identify either the financial institution where the funds were located or the named beneficiary. The statute requires the beneficiary and the bank to be named and this condition has not been met.
The court determines that the depositor failed to comply with the statutory mandate in that her will failed to identify the bank or the beneficiary. Her will, therefore, did not serve to revoke the accounts. Title to the funds vested in the beneficiary upon the depositor’s death.