OPINION OF THE COURT
Millard L. Midonick, J.
The most substantial issue raised in this construction proceeding is whether a Totten trust may be revoked without literal compliance with the terms of EPTL 7-5.2 (subd [2]). Article thirteenth, the last article of decedent’s will provides:
“In the event that at the time of my death there be in existence any bank accounts in trust for my wife, ANNE E. NEUMAN, or payable to her upon my death, I hereby expressly revoke such payment provisions of any such account and direct that the proceeds of said account (s) *136 shall be deemed my sole property and an asset of my estate and shall be disposed of as such under the provisions of this Will.”
When the testator died in May of 1979, he had two accounts in trust for his wife in two different banks. The amounts on deposit totaled almost $40,000. Given testator’s age and health in 1978 when the will was drawn, the draftsman did not wish to delay its preparation until he could obtain the names of the banks in which the Totten trust-funds were deposited in order to satisfy the statutory requirements :
“A trust can be revoked * * * by the depositor’s will only by means of * * * an express direction concerning such trust account, which must be described in the will as being ■in trust for a named beneficiary in a named financial institution.” (EPTL 7-5.2, subd [2].)
The purpose of the 1975 revision of EPTL article 7 was to provide certainty and predictability in this area of the law which had long been troubled by the need to decide on a case-by-case basis whether a decedent intended to revoke a Totten trust. (NY Legis Ann, 1975, p 121; compare Matter of Krycun, 24 NY2d 710, with Matter of Kartzowitz, 59 Misc 2d 595.) Matter of Motta (64 AD2d 985) was decided under prior law because the will antedated the statute.
The statute was strictly applied in Matter of Silberkasten (102 Misc 2d 227) which held that the five Totten trust accounts in three banks which testatrix had established for her brother were not revoked by the language of her will providing:
“ T direct that any bank account in my name, at my death * * * which account is being held in trust for anyone, I specifically hereby revoke the provisions of said account * * * Each account shall pass in accordance with the terms of this Will and not in accordance with the provisions of any of said accounts.’ ” (102 Misc 2d, at p 228.)
As Surrogate Bloom wrote in that case the issue is not the depositor’s intent but whether he complied with' the provisions of the statute.
*137 The specificity required by the statute is lacking here in that the banks are not named. Nor is there any impelling reason to interpret the statute other than strictly in this case. The effect of holding, as we do, that the Totten trusts were not revoked is that the accounts pass to the widow and thereby reduce pro tanto the principal of the marital deduction trust under Article FOURTH by virtue of the usual language reducing this legacy by the value of property passing to the wife outside the will. The only difference in result is that the widow takes this amount outright.