OPINION OF THE COURT
Bertram R. Gelfand, J.
This is an application which seeks a determination that two Totten trust bank accounts established by decedent have been revoked pursuant to the terms of his will. Petitioner is decedent’s niece and a beneficiary of one half of the residuary estate. Respondent is the executrix, who is also the decedent’s stepdaughter. The stepdaughter is the beneficiary of the other one half of the residuary estate. Petitioner concedes that the accounts at issue were not revoked in accordance with the requirements of EPTL 7-5.2 (subd [2]), but contends, in the alternative, that either *562 the statute is inapplicable to the accounts, or, if applicable, it is unconstitutional.
Decedent died on January 24, 1982. His will dated October 9,1981 was admitted to probate pursuant to a decree of this court entered March 5, 1982. Under the terms of said will, other than a legacy of $3,000 to a stepgranddaughter, the residuary estate was bequeathed, in equal shares, to petitioner and to respondent stepdaughter. However, during his lifetime, decedent created two Totten trust bank accounts, the proceeds of which constitute substantially all of decedent’s assets. These accounts were established prior to the execution of the will and designated his stepdaughter as beneficiary upon his death. It is contended by petitioner that under the circumstances existing in this matter, the Totten trust bank accounts, that were respectively established on January 7, 1974 and April 7, 1980, were revoked by the provisions of the will. Respondent contends that the provisions of EPTL 7-5.2, effective September 1, 1975, are dispositive of the issue and mandate a contrary result to that sought by petitioner.
The entire part 5 of EPTL article 7 was added to our statutes by chapter 499 of the Laws of 1975. This addition to our statutes consists of an entirely new part entitled “Bank Accounts in Trust Form”. The clear intent of the Legislature in enacting the 1975 addition to EPTL article 7 was to establish an exclusive statutory format governing trusts accounts. This format included as EPTL 7-5.2 a specific and exclusive procedure for altering, by testamentary instrument, the otherwise controlling designation of beneficiary on a Totten trust account. The amendment was intended to provide, by a statutory scheme, a certainty and predictability in this area of the law which had long been troubled by the need to decide on a case-by-case basis whether a testator intended to revoke a Totten trust (see Memorandum of Law Rev Comm, NY Legis Doc, 1975, No. 65 [B], McKinney’s Session Laws of NY, 1975, p 1534). Under the previously applicable statutory and decisional law existing prior to enactment of the present statute, courts were faced with the challenge of being required to reach consistent determinations by pursuing the often illusory search for what was the true intent of a deceased *563 person when he died with assets in the form of Totten trusts and a testamentary instrument that raised an issue as to whether the testator sought to revoke the Totten trusts by the terms of his will, under the myriad of differing circumstances present in each particular case (see, e.g., Matter of Krycun, 24 NY2d 710; Matter of Motta, 64 AD2d 985; Matter of Richardson, 134 Misc 174; Matter of Beagan, 112 Misc 292).
The Legislature now having given us an explicit and definitive statutory procedure which completely encompasses the subject matter, in the absence of a constitutional infirmity in the statutory enactment, the statute must be accepted as controlling. As my learned colleague, Surrogate Bloom, indicated in Matter of Silberkasten (102 Misc 2d 227, affd 76 AD2d 1039), the issue now before the court in these matters is not what the depositor’s intent may have been, but whether the depositor’s will complied with the provisions of the statute (see, also, Matter of Neuman, 106 Misc 2d 135; Matter of Blume, NYLJ, Aug. 15, 1979, p 12, col 6; Matter of Margolis, NYLJ, Oct. 20,1981, p 12, col 2).
The germane portions of EPTL 7-5.2 (subd [2]) provide that: “A trust can be revoked * * * by the depositor’s will only by means of * * * an express direction concerning such trust account, which must be described in the will as being in trust for a named beneficiary in a named financial institution”. It is conceded by petitioner that the specificity required by EPTL 7-5.2 (subd [2]) is lacking in the instrument in that not only are the specific financial institutions not identified, but the testator’s will is totally devoid of any reference, or even any suggestion, as to the existence of bank accounts. Petitioner’s position rests entirely upon the contention that if the accounts are not revoked, the impact of the testamentary instrument on the distribution of decedent’s assets is relatively minimal.
To reach her goal, petitioner argues that she is entitled to relief on the basis that EPTL article 7 is inapplicable to the accounts at issue. She advances this argument on alternative grounds, with her position varying to accommodate the date the respective accounts were established, one account having been created prior to the enactment of *564 EPTL 7-5.2 and the other being created subsequent thereto.
As to the account created subsequent to September 1, 1975, petitioner argues that part 5 of EPTL article 7 in its entirety is inapplicable as a result of the language of section 7-5.7 specifically providing that the statute is applicable to “all funds in trust accounts * * * which are in existence on its effective date” (emphasis added). Petitioner contends that as a result of this language, EPTL 7-5.2 should be construed as being applicable only to accounts “existing” on the date that part 5 of EPTL article 7 took effect, but that it is not applicable to accounts created after the effective date of the statute since the statute does not contain any additional specific words saying it is applicable °to accounts created after its effective date.
Although this argument is ingenious, it is patently divorced from a reading of the entirety of part 5 of EPTL article 7 with a sensitivity to its clear purpose. It is ludicrous to believe that the Legislature would enact a statutory scheme designed to bring a sense of definitive order to “trust bank accounts” and then limit this format’s applicability to only those accounts existing on the date of its enactment while totally ignoring all accounts which would be created subsequent to its enactment, thus leaving these subsequent accounts subject to the same conditions that the legislation was designed to correct with reference to existing accounts.
EPTL 7-5.1 contains the definitions pertinent to the total subject matter of part 5 of EPTL article 7, to wit, “Bank Accounts in Trust Form”. EPTL 7-5.2 through EPTL 7-5.6 explicitly set forth the law applicable to such accounts including the procedure in EPTL 7-5.2 for revoking such accounts by testamentary instrument. The reference in EPTL 7-5.7 to the new enactment applying to all accounts existing on the effective date of the enactment is not a limitation of part 5 to only such accounts, but a simple explicit rebuttal by the Legislature of the presumption that all legislation is only prospective, unless it is expressly indicated that the contrary is intended (see McKinney’s Cons Laws of NY, Book 1, Statutes, §§51, 93). Applying the usual rules of statutory construction, EPTL *565 7-5.7 does not reflect an intent to limit the prospective character of the statute, but rather to remove any question as to its being applicable to existing accounts created prior to its effective date.
To embrace petitioner’s position would be contrary to the basic rule of statutory interpretation that mandates seeking to give effect to the intent of the Legislature, not to thwart that intent by an unduly strict literal reading of a particular word or phrase (see McKinney’s Cons Laws of NY, Book 1, Statutes, § 92). Here, petitioner seeks to excise a phrase from the totality of the legislation and utilize it to frustrate the clear purpose of the statute of which this phrase is a part. There is no merit to this position.
As to the account created prior to September 1,1975, it is petitioner’s position that applying EPTL 7-5.2 to an account created previous to its effective date constitutes, by ex post facto legislation, an unconstitutional impairment of a contractual relationship between decedent and the depository where he created the account. In support of this position, it is argued by petitioner that implicit in the contractual relationship under which the decedent opened the bank account was a power in decedent to “informally” revoke the account by the provisions of a will without being required to abide by any prescribed statutory form such as that which was subsequently embodied in EPTL 7-5.2 (subd [2]). This argument continues by stating that this right to “informally” revoke a Totten trust bank account by testamentary instrument constitutes a vested right of petitioner’s which cannot be divested by subsequent legislation. In furtherance of this argument, petitioner contends that even though the will doesn’t make the slightest reference to the trust accounts, it is still an “informal” effort to revoke the accounts since otherwise, the interests in decedent’s property that pass to respondent by operation of law will give her much more than the one half of the residue of decedent’s estate that passes to petitioner under the will.
At the outset, it is questionable, at best, whether petitioner, who is not the fiduciary of decedent’s estate, possesses the status to assert a constitutional right on behalf of decedent or to assert this right as a third-party beneficiary of decedent’s acts, or otherwise. Nevertheless, it *566 appears more productive and appropriate to address the merits of her argument rather than digress on an exploration of whether petitioner enjoys the status to advance these arguments.
As part of the new part 5 of EPTL article 7, the legislation incorporated a specific provision that the new legislation could not be utilized to “impair or defeat any rights which have accrued prior to such date” (EPTL 7-5.7; emphasis added). This provision does not remotely relate to the “rights” which petitioner seeks to create upon this application. EPTL 7-5.7 simply constitutes a recognition that the legislation cannot impair a right which has vested in one other than the creator of the account either because the depositor died prior to the effective date of the statute (see Matter of Braun, NYLJ, June 29, 1978, p 37, col 2; Matter of Walden, NYLJ, July 18, 1977, p 12, col 4) or that the depositor made a complete gift of the account by delivering the passbook to the beneficiary prior to the effective date of the statute, even though a transfer by delivery would be invalid if made on or after that date (see Rohan, Practice Commentary, McKinney’s Cons Laws of NY, Book 17B, 1982-1983 Pocket Part, EPTL 7-5.1, p 139). It is not necessary to here reach whether a will executed before September 1,1975 that reflects an intent to revoke a Totten trust should be construed under the laws as it existed on the date of execution of the testamentary instrument or under the law as it is on the date of decedent’s death. Here, decedent’s will was executed many years after EPTL 7-5.2 became a part of our law.
It is, however, concluded that merely because a Totten trust bank account was created prior to the effective date of part 5 of EPTL article 7, the statute in no way impairs any vested right with reference to such a trust account where the decedent has died subsequent to the effective date of the statute and left a will that was also executed subsequent to that date. The opening of a trust account under which the creator of the account could always revoke the designation of beneficiary at will at the depository, did not confer upon the testator a vested right to revoke the account by testamentary instrument without regard to the statutory requirement for such an act, where *567 such statutory requirements were a part of our law at the time the will was executed, even if these statutory requirements were created subsequent to the establishment of the account.
Generally, a vested right connotes a concept of a present fixed interest, which in right, reason and natural justice should be protected against arbitrary State action (16 CJS, Constitutional Law, § 215). Petitioner’s contention is based on the supposition that reliance upon the continued applicability of then-effective judicial declarations is a property right that cannot be abridged by subsequent legislation. Such supposition is without basis in law or logic. It is well established that there is no such right as a vested right in existing legislation or rules of law that precludes a change or repeal by the Legislature so long as it does not impair an already vested property right (Rodgers v Village of Tarrytown, 302 NY 115; Stojowski v Banque De France, 294 NY 135; Matter of West, 289 NY 423, affd sub nom. Demorest v City Bank Co., 321 US 36). Nor is there a vested right in the Legislature’s omission to legislate on a particular subject that precludes the Legislature from addressing the omission (20 NY Jur 2d, Constitutional Law, § 303). A right is not deemed vested unless it is something more than a mere expectation based on an anticipated continuation of the present general laws (Ten Ten Lincoln Place v Consolidated Edison Co. of N. Y., 190 Misc 174, affd 327 App Div 903; Addiss v Selig, 147 Misc 731, affd 240 App Div 829, revd on other grounds 264 NY 274; 20 NY Jur 2d, Constitutional Law, § 302). No vested right in the petitioner has been presented which existed in the account at issue at the time that the Legislature decreed that part 5 of EPTL article 7 was to take effect. A party alleging that a statute is unconstitutional has the burden of rebutting the presumption of constitutionality that attaches to all legislative enactments (Borden’s Co. v Baldwin, 293 US 194, 209; Cook v City of Binghamton, 48 NY2d 323, 330; Matter of Van Berkel v Power, 16 NY2d 37, 40; Paterson v University of State of N. Y., 14 NY2d 432, 438; see, also, McKinney’s Cons Laws of NY, Book 1, Statutes, § 150, subd b). Petitioner has not met her burden of establishing that there is a constitutional infirmity in applying EPTL 7-5.2 to either account here at issue.
*568 It is noted that commentators have indicated that the statute at issue would even affect pre-existing wills, where the decedent dies on or after September 1,1975. Under this view, a revocation which was valid when the will was executed would become ineffective if it did not comply with EPTL 7-5.2 (subd [2]; see Rohan, Practice Commentary, McKinney’s Cons Laws of NY, Book 17B, 1981-1982 Pocket Part, EPTL 7-5.1, p 139). As indicated, the court does not have to pass upon this issue and accordingly does not reach the validity of the commentator’s conclusions on this subject.
In the instant matter, it is accordingly concluded that the provisions of EPTL 7-5.2 are applicable to both of the bank accounts here at issue. Decedent’s will in no respect altered the statutory implications of the form of either bank account. The accounts are both payable to the beneficiary named thereon, without the named beneficiary’s automatic right to the accounts upon the death of decedent being in any respect impaired by decedent’s subsequent execution of the testamentary instrument that has been admitted to probate as his last will and testament.