■ RITA EREDICS, Also Known as RITA NICHOLAS, Respondent, v CHASE MANHATTAN BANK, N.A., et al., Defendants, and

FLUSHING SAVINGS BANK, F.S.B., et al., Appellants. [739 NYS2d 175] —In an action, inter alia, for a judgment declaring that title to various bank accounts vested in the plaintiff upon the death of Nick G. Nicholas, the defendant Demos G. Nicholas, as executor of the estate of Nick G. Nicholas, appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Austin, J.), dated January 25, 2001, which granted the plaintiff's motion for summary judgment, denied his cross motion for summary judgment, and, inter alia, directed the defendant Flushing Savings Bank, F.S.B., to pay over to the plaintiff funds held by it in certain bank accounts, and the defendant Flushing Savings Bank, F.S.B., separately appeals from the same order and judgment.

Ordered that the appeal by Flushing Savings Bank, F.S.B., from so much of the order and judgment as denied that branch of the cross motion of Demos G. Nicholas, as executor of the estate of Nick G. Nicholas, which was for summary judgment with respect to the bank accounts at Chase Manhattan Bank, N.A., granted that branch of the plaintiff's motion which was for summary judgment with respect to those bank accounts, and directed Chase Manhattan Bank, N.A., to pay over to the plaintiff the funds it was holding in those accounts, is dismissed as it is not aggrieved by those portions of the order; and it is further,

Ordered that the judgment is modified, on the law, by adding thereto a provision declaring that title to the accounts held by the decedent in trust for the plaintiff at Flushing Savings Bank, F.S.B., vested in the plaintiff upon the death of the decedent; as so modified, the judgment is affirmed, insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff and Nick G. Nicholas (hereinafter Nicholas) were married in 1975, and separated in 1990. The plaintiff was named as beneficiary in several revocable, or Totten, trust accounts established by Nicholas during the marriage at several banks, including Flushing Savings Bank, F.S.B. A formal separation agreement was entered into on June 26, 1995, and the parties were divorced later that year. Pursuant to the separation agreement, the parties agreed that "any and all bank accounts, held jointly or otherwise * * * and not specifically mentioned in this agreement, have been distributed equitably * * * prior to the execution of this agreement." Nicholas died in 1998.

Attempts to revoke the terms of a Totten trust which fail to "specifically name * * * the beneficiary and the financial

institution" have been held ineffectual (EPTL 7-5.2 [1]; *see, Blackmon v Estate of Battcock,* 78 NY2d 735, 739; *Matter of Young,* 137 Misc 2d 744; *Matter of Flynn,* 119 Misc 2d 561; *Matter of Silberkasten,* 102 Misc 2d 227). Here, the parties' separation agreement failed to comply with the statutory provisions for revocation of a Totten trust. In the absence of a valid revocation, the bank accounts naming the plaintiff as beneficiary became her property upon Nicholas's death (*see,* EPTL 7-5.2; *Matter of Totten,* 179 NY 112; *cf., Matter of Beck,* 63 NY2d 1026). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557). Krausman, J.P., Luciano, Adams and Townes, JJ., concur. [*See,* 186 Misc 2d 19.]